UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| TOWANDA LEE | : | |
| Debtor | : | Bankruptcy No. 04-31146F |

..............................................

ORDER

..............................................

AND NOW, this 29th day of April 2005, the former debtor having filed a pro se,[1] hand-written request for leave either to file a new bankruptcy case or to reopen her latest case,

And the debtor's case had been dismissed with prejudice on the trustee's motion to dismiss for filing in bad faith. The order included a bar on refiling for 180 days from the date of the order, April 13, 2005. See generally In re Narod, 138 B.R. 478 (E.D. Pa. 1992),[2]

And the debtor asserts that her trustee payments were up to date as of the hearing on the motion to dismiss, and that "[n]ow if I have to pay more I can do that."

---

[1]The former debtor is represented by Michael D. Sayles, Esq.

[2]As the case was dismissed, it was never closed within the meaning of section 350(a). Thus, the debtor's request to reopen her case is misplaced. See In re Income Property Builders, Inc., 699 F.2d 963 (9th Cir. 1982) (per curiam); In re Flores, 271 B.R. 213, 2001 WL 543677, at *3 (B.A.P. 10th Cir. 2001) (Table); In re King, 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997); In re Woodhaven, Ltd., 139 B.R. 745, 747-48 (Bankr. N.D. Ala. 1992); Matter of Garcia, 115 B.R. 169, 170 (Bankr. N.D. Ind. 1990).
   Presumably, by asking to reopen her case, the debtor seeks to reconsider the dismissal order containing the bar.

She also states that she did not know of the hearing on the motion to dismiss in order to attend,[3]

And the trustee's motion to dismiss averred that the above-captioned chapter 13 case was the debtor's third chapter 13 bankruptcy filing, that there was no change in circumstances between the second and third filings, that debtor had failed to tender trustee payments, and that the secured claims to be provided for in this chapter 13 case exceeded the total of payments proposed by the debtor in her chapter 13 plan,

And the debtor's first case, docketed at Bankr. No. 00-12197, was dismissed for her failure to attend the section 341 meeting of creditors. The debtor's second, docketed at Bankr. No. 03-35872, was dismissed on motion of the trustee alleging failure to include all non-exempt equity in real or personal property for the benefit of the unsecured creditors,

And the debtor's chapter 13 plan in the above-captioned case had proposed to pay $6,000 to the trustee over five years, while curing her pre-bankruptcy mortgage delinquency. See 11 U.S.C. § 1322(b)(5). U.S. Bank National Association, the debtor's mortgage holder, had filed a secured proof of claim asserting an arrearage of $24,552.67. According to the proof of claim, the debtor had not remitted her monthly mortgage payment from February 2002 to August 2004. The mortgagee had also filed an objection to confirmation of the plan in September 2004, on the ground that the plan was insufficiently funded,

---

[3]The debtor states that her attorney says he sent her a notice but that she did not receive it. However, the chapter 13 trustee's certificate of service of his Motion to Dismiss certifies that notice was sent to both the debtor, at her address of record, and her attorney, thus even if her attorney did not send her the notice, she received it from the chapter 13 trustee.

And, as of April 13, 2005, the date of the hearing on the trustee's motion to dismiss this case pursuant to 11 U.S.C. § 1307(c), the debtor had neither amended her plan nor challenged the mortgagee's proof of claim,

And in seeking reconsideration of this court's dismissal order,[4] the debtor suggests that dismissal was inappropriate because she could now prove that her trustee payments were current. This request for reconsideration does not address the other grounds for dismissal of her case: that her proposed plan was significantly underfunded; and that the debtor had two prior unsuccessful reorganization attempts and had filed her third case without any material change in circumstances,

And to the extent that the debtor now asserts that she is able to propose a greater funded reorganization plan, her letter request for reconsideration does not identify the terms of this greater funded plan, the source of funding this plan, or her failure to amend her challenged plan. I note that her bankruptcy schedules disclose that her monthly income exceeds her expenses by only $100. Thus, it does not seem possible that she could fund a plan by which the mortgagee's arrearage claim of more than $24,000 (plus the chapter 13 trustee's commission) could be repaid,

And to the extent that the debtor seeks reconsideration of the order prohibiting her from filing additional chapter 13 cases for a period of 180 days, I note that given the debtor's three failed chapter 13 cases, her burden is considerable. See generally In re LeGree, 285 B.R. 615, 620 (Bankr. E.D. Pa. 2002) (burden to demonstrate a chapter 13 filing is in good faith grows heavier with an increasing number of prior filings),

---

[4] I note that Fed. R. Bankr. P. 9023 incorporates Fed. R. Civ. P. 59.

3

And the debtor's letter request for reconsideration—other than a general statement that she could afford to pay the trustee more (presumably more than $100 per month), offers no persuasive basis to reconsider the prohibition against further bankruptcy filings,

And therefore, considering that the debtor was barred from re-filing for a period of 180 days, and has not alleged any basis to support reconsideration of that bar order or of the dismissal of her latest bankruptcy case, it is hereby ordered that the debtor's request for reconsideration is denied.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Ms. Towanda Lee
7213 N. 21st Street
Philadelphia, PA 19138

Michael D. Sayles, Esq.
Sayles and Associates
427 West Cheltenham Ave
Elkins Park, PA 19027-3201

William C. Miller, Esquire
111 South Independence Mall, Suite 583
Philadelphia, PA 19106